**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 CR 865 |
| | ) | |
| DAVID COUSINS and MICHAEL COUSINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The court has under advisement two related motions: (1) the motion in limine of defendant David Cousins to exclude certain of his statements as irrelevant and inflammatory; and (2) the motion of the defendant Michael Cousins for a severance based upon his assumption that David's statements will be received in evidence in a joint trial.

**A.    DAVID COUSINS'S MOTION TO EXCLUDE STATEMENTS**

The motion discusses three categories of statements:

(1) <u>Statements regarding David's commission of other robberies</u>. (<u>See</u> Motion, p. 2.)  We believe that these statements are relevant as indicating a predisposition on David's part to participate in the robbery of the stash house.  Whether or not a formal entrapment defense is raised, it is clear that the idea of the robbery originated with the Government, and the Government is

entitled to offer these statements as evidence that David was not a reluctant participant.

However, we will redact as unnecessary and inflammatory the fact that children were among those bound with duct tape in the home invasion. (See id.)

David argues that his claims of having committed previous armed robberies are "entirely unsubstantiated – he has never been convicted of robbery or any other crime involving violence." (See Motion at 5.) A lack of convictions is no indication that the robberies did not occur, and whether they did nor not, what is at issue is David's state of mind. Bragging about fictitious robberies would arguably have as much tendency to indicate a willingness to participate in a stash house robbery as would bragging about actual robberies.

(2) Statements regarding violence against the occupants of the drug stash house. (See id. at 2-3.) There are a variety of statements by David expressing an eagerness to murder any occupants of the stash house who might resist the robbery.

(3) Other statements discussing violence, including David Cousins's statement that he wished he had a silencer because "as much as I hate the police, I'd be shooting police every day." (See id. at 3.)

David argues that the category (2) and (3) statements are inflammatory and irrelevant to the charges against him. He points

out that he is charged with conspiracy to commit a robbery, not conspiracy to commit murder.  We have not asked the Government to file a written response to David Cousins's motion, but in the colloquies we have had in open court, as well as in its written response to Michael Cousins's motion for severance, the Government has argued that the category (2) and (3) statements are admissible as statements in furtherance of the robbery conspiracy because they indicate a readiness to use whatever force, including deadly force, that might be necessary to commit the robbery.  The statements made by the defendant Dunwon Lloyd are said to have been for the purpose of assuring David Cousins that Lloyd would be a useful member of the conspiracy.

The statements in question could have reinforced the confidence David Cousins and Dunwon Lloyd had in each other, and the Government's argument is not wholly unreasonable.  But a mutual intent to commit an armed robbery ordinarily involves an intent to use whatever force is necessary, and the Category (2) and (3) statements add very little to the proof of the conspiracy.  We believe that, whatever probative value the statements have, that value is substantially outweighed by the likelihood of unfair prejudice.  The danger that the jury would give undue weight to the inflammatory statements in determining David Cousins's guilt of the basic conspiracy is obvious.  As David argues,

> [T]hese statements are clearly incendiary, and if the
> jury hears audio of Mr. Cousins casually discussing this

violent behavior, there is a great danger that they will label him a bad person and convict him of the charged offenses, despite a lack of actual evidence.

(Motion at 5.)

Pursuant to Federal Rule of Evidence 403, the Category (2) and (3) statements are excluded.

## B.    MICHAEL COUSINS'S MOTION FOR SEVERANCE

Michael Cousins argues that the statements indicating the violent predispositions of his co-defendants, if admitted in evidence in a joint trial, would be prejudicial to him because of a "spillover" effect on the jury.  That issue is now moot, because the statements will not be admitted.  There is no need for a separate trial of Michael Cousins.

## CONCLUSION

The motion in limine of the defendant David Cousins to exclude certain statements [46] is granted in part and denied in part.  The motion of the defendant Michael Cousins for a severance [43] is denied.


DATE:          June 3, 2013


ENTER:    _____
          John F. Grady, United States District Judge